### SAM WALTON v. STATE.

No. A-5118. Opinion Filed Oct. 24, 1925.
Rehearing Denied Nov. 28, 1925.
(240 Pac. 666.)

Turner, Turner, Harley & Parris, for plaintiff in error.

George F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

EDWARDS, J. From a conviction in the district court of McIntosh county for a second violation of the liquor law, the plaintiff in error, hereinafter called defendant, has appealed. The only assignment argued for a reversal of this case is that the evidence is insufficient to sustain the verdict. The evidence of the previous conviction of the defendant for a violation of the liquor law is not controverted. The evidence of his guilt in this case is about as follows: On the night of the 3d of May, 1923, three officers in the town of Eufaula, having received some information of a violation of the liquor law, were on the lookout, and intercepted an automobile driven by Wash Stover and his wife. In the back seat of the car was the defendant and his brother-in-law, Emmet Roberts. When the car stopped, a breaking of jugs and bottles was begun by the parties in the back seat, and the defendant threw a jug of whisky out, which was recovered unbroken. The defendant in his own behalf testified that he accompanied the parties, but had no part in transporting the whisky; that he was merely the official taster, and went along only to drink; that he did not break any of the containers or throw any of the whisky out of the car. His brother-in-law, Roberts, testified that he went from Eufaula in the car in question after whisky, and that the whisky in the car was his; that he and the bootlegger from whom he bought it put it in the car, and when the car was stopped by the officers he broke the containers and threw part of the whisky out, and that defendant was with him merely as a drinking guest. It is not unusual for one of two law-breakers to assume all the responsibility for the commission of a crime, and the jury were justified in taking the testimony of Roberts with a grain of salt.

The evidence on the part of the state is such that the jury might reasonably and logically find the defendant was engaged in the transportation of the whisky in question, and, although the defendant offered testimony that he was not engaged nor concerned in the transportation,

still it was a question of fact for the jury to say whom they would believe or disbelieve, and we are not at liberty to disturb the verdict for insufficiency of the evidence; that was a question for the jury. The rule is so well settled that it is no longer necessary to cite authorities.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.